SETH GILL, Jr., Respondent, v. WILLIAM O'CONNELL, Appellant.

No. 3902; February 4, 1874.

**Mortgage — Description of Premises — Parol.**—In order to identify premises as being those described in a mortgage deed by a tract name, although respect must be had first to the description in the deed, the premises are to be located as within the limits of the tract as known when the instrument was delivered, rather than as ascertained by a subsequent survey because adjudicated upon by the United States court, and parol evidence is admissible for this purpose.

**Trial.—An Objection to the Mere Form of Testimony,** in order to sustain an erroneous ruling of the trial court excluding the testimony on its merits, will not be considered when raised for the first time on appeal.

APPEAL from Fifteenth Judicial District, San Francisco County.

B. S. Brooks for respondent; W. H. L. Barnes for appellant.

WALLACE, C. J.—The action is ejectment, and the plaintiff derives title from Victor Castro by deed bearing date in 1864. In order to show a right of entry in Castro, derived to himself by the deed, he proved that Castro, being at the time in the possession of the premises, demised them to the defendant for the term of one year, with the privilege to the lessee of a further term of five years upon a rent reserved in the lease. The lease bore date in 1855, and the defendant entered into possession thereunder in 1856, and has since then continued in possession.

One of the defenses relied upon by the defendant was that he had himself acquired the title of his lessor, the grantor of the plaintiff.

The title set up by the defendant originates in a mortgage deed, executed by Castro to one Leonard in the year 1853, and duly recorded at that time. By this instrument Castro mortgaged to Leonard "all the right, title and interest which the said Castro has either in law or equity in the ranch in Contra Costa county, on a part of which Castro resides, which is usually called the Rancho San Pablo, and which interest is

held by said Castro in common with himself, his seven brothers and sister and their descendants, which is to embrace all the said Castro's improvements on the same, with all the appurtenances thereunto belonging.'' This mortgage was afterward foreclosed by judicial decree, and the title of the defendant is derived from the purchaser at the sheriff's sale. The defendant claimed that the demised premises, for the recovery of which this action is brought were included in the mortgage and the decree of foreclosure, and the principal question arises upon the ruling of the court below, by which his evidence upon that point was excluded at the trial. The premises in controversy are known as ''Gill's Point,'' and are bounded on the north, south and west by the waters of the bay of San Francisco, and on the east by the marsh lands which separate it from the west line of the Rancho San Pablo, as that line is defined in the final survey of the rancho confirmed by the United States authorities in November, 1864. It will be observed that the mortgage deed from Castro to Leonard was of the interest of the former in the tract usually called the Rancho San Pablo, and embraced all the said Castro's improvements on the same. The Mexican grant of the San Pablo Rancho was of the quantity of three square leagues within exterior boundaries of larger area, and at the time of the execution of the mortgage the definitive location of the quantity granted was yet to be made by the federal authorities. The defendant put in evidence the grant and the diseño exhibiting the exterior boundaries, and called Governor Alvarado as a witness, who, having stated that he had known the rancho for some thirty-six years, was asked by the defendant to state the exterior boundaries of the rancho, as they were understood to be from 1850 to 1857. This evidence was objected to, on the ground that the proceedings and decree in the courts of the United States in locating the grant must be taken as concluding the parties upon the matter inquired of. The defendant then offered to show by the witness that he, the witness, knew where the lines of the San Pablo ranch ran according to the diseño in evidence, and that the premises in controversy are within those exterior limits, and that when the defendant entered under the lease from Castro, and for many years previous thereto, the premises in controversy were within the exterior limits of the rancho as granted, and that Castro occupied and held the premises in

controversy, and made improvements on them, as being part of that rancho which he held in common with his brothers and sister as heir of his father, Francisco Maria Castro, the grantee. The plaintiff objected to this evidence, and the objection was sustained by the court, on the ground that the true limits of the rancho having been fixed by the adjudication of the survey in the circuit court of the United States, the judgment rendered by that court is the better evidence. The objection, as to the mere form in which the offer was made now brought forward by the counsel of the plaintiff in support of the ruling of the court will not be considered. If intended to be relied upon at all, it should have been first made in the court below, where the mere form of the offer might have been readily limited or changed to a more specific form, in order to obviate an objection of that character. The ground upon which the objection was made by counsel at the trial and sustained by the court had no reference to the form in which the offer was made, but was, as already stated, that the final decree by which the survey was determined was the better evidence of the boundaries of the grant for the purposes of this action. In considering the propriety of the ruling of the court upon this point, it is not necessary now to determine whether it would have been correct had the mortgage to Leonard in terms embraced only the interest of Castro in the San Pablo rancho, for, without laying any stress upon the circumstance that the reference found in the mortgage is to an entire tract of land usually called by that name, it also includes all the said Castro's improvements on the same.

Now, if, at the date of the mortgage to Leonard, Castro was in possession of a tract of land in Contra Costa county, called Rancho San Pablo, and if he had at the time certain improvements thereon then existing, it is apparent that the description contained in the mortgage was intended by the parties to apply, and would apply, to the lands so in his possession upon which his improvements then existed. The circumstance that the United States authorities had subsequently to the mortgage ascertained and fixed the precise location of the quantity of land granted, and, in so doing, had excluded from such location certain lands which were at the date of the mortgage in the possession of Castro, and which were then known by the name of Rancho San Pablo, and had also excluded lands upon

which Castro had his improvements when he delivered the mortgage deed, could not operate in favor of Castro or his grantee, the plaintiff here, to defeat the operation of the mortgage upon such excluded lands.

The judgment of the United States circuit court finally locating the premises certainly did not assume to determine that the tract of land in Contra Costa county, called Rancho San Pablo, did not, in the year 1853, embrace boundaries more extended than those which formed the limits of the final survey, as fixed by that court, and especially it did not determine that in 1853 Castro had no improvements within the exterior lines of the rancho and upon portions of the general tract excluded by the final survey. If effect, then, is to be given to the mortgage deed, as between the parties to it and those who come to claim under them subsequent to its delivery, it is clear that the mortgage lien must be considered to have attached to the premises referred to in the mortgage deed as being those upon which it was intended to operate.

In order to identify the premises in controversy as being the premises described in the mortgage deed, respect must, of course, first be had to the description found in that deed. The mortgaged premises must be taken to be only such premises as were within the general limits of the tract of land called the Rancho San Pablo, as those limits were recognized in 1853, at the time the mortgage deed was delivered. Parol evidence could not, therefore, be resorted to for the purpose of extending the description, so as to embrace lands without, or not shown to be within, those limits. But we think that with this qualification it is competent to the defendant to establish by parol that "Gill's Point" was, in fact, occupied or possessed by Castro in 1853, or that he then had improvements there. If such be the fact, then the mortgage lien became impressed upon such interest as the mortgagor had therein, whether that interest was in fee or of a less estate, or was only such interest as resulted from the actual possession of the mortgagor and the lien of the mortgage, and the effect of its foreclosure was not displaced or disturbed, as between the parties or those claiming under them, by the circumstance that the final survey of the rancho subsequently made excluded a portion or all the premises included in the mortgage deed.

For the error in excluding the evidence offered by the defendant in this respect, the judgment must be reversed and the cause remanded for a new trial, and it is so ordered.

We concur: Crockett, J.; Niles, J.; Rhodes, J.

Mr. Justice McKinstry, being disqualified, did not participate in the decision of this cause.